```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CARGO ON DEMAND, INC.,                                            :
                                                                  :
                          Plaintiff,                              :
                                                                  :     22-CV-10243 (JMF)
            -v-                                                   :
                                                                  :     MEMORANDUM OPINION
POLAR AIR CARGO WORLDWIDE, INC.,                                  :     AND ORDER
                                                                  :
                          Defendant.                              :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff Cargo On Demand, Inc. ("COD") brought claims against Defendant Polar Air Cargo Worldwide, Inc. ("Polar") under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, and New York state law. *See* ECF No. 1 ("Compl."). A few months after COD filed its Complaint, a grand jury returned an indictment charging several Polar executives and owners of several Polar customers or vendors — including Patrick Lau, the operator of COD — with wire fraud and conspiracy to commit wire fraud. *See United States v. Winkelbauer*, 23-CR-133 (JMF), ECF No. 3 (S.D.N.Y.). Several months after that, the Court granted Polar's motion to dismiss COD's claims. *See* ECF No. 21. The Court expressed skepticism that COD could "cure the defects in its claims (especially insofar as the subsequent indictment raises the possibility that COD was complicit in, rather than a victim of, any fraud by executives at Polar)," but it granted COD leave to file an amended complaint within thirty days of the Court's decision. *See id.* at 18.

COD did not file an amended complaint by the August 10, 2023 deadline. Instead, on August 4, 2023, COD moved to stay the case "during the pendency of the criminal proceedings involving the same subject matter." ECF No. 22. Upon review of the parties' memoranda of

law, *see* ECF Nos. 23, 25, 27, COD's motion to stay is DENIED without prejudice to renewal in the event that the Court denies any motion to dismiss an amended complaint.  The Court is skeptical that a stay would be warranted even then because, among other things, COD itself is not charged in the criminal case; a company does not, in any event, have a Fifth Amendment privilege against self-incrimination; COD is the *Plaintiff* in this case, not the *Defendant*; and the company did not move to stay in the several months between the unsealing of the indictment and the Court's July 11, 2023 ruling.  But given that the only question looming is whether COD can state a valid claim under RICO, the arguments against a stay plainly outweigh those in favor.

Accordingly, COD's motion to stay is DENIED.  Strictly speaking, COD's deadline to file an amended complaint passed, and the Court would be on firm ground dismissing the RICO claim with prejudice.  After all, COD did not seek, and the Court did not grant, an extension or a temporary stay pending a ruling on the motion for a stay.  As a courtesy, however, the Court will extend the deadline *nunc pro tunc* to **August 28, 2023**.  No further extensions will be granted.

The Clerk of Court is directed to terminate ECF No. 22.

SO ORDERED.

Dated: August 21, 2023
New York, New York

JESSE M. FURMAN
United States District Judge

2